## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: Stephen J. Hamilton | ) | Case No. 13-32165 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtors, | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | |
| Stephen J. Hamilton, | ) | Adv No. 13 AP 1358 |
| | ) | |
| Plaintiff, | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| Urban Partnership Bank | ) | |
| | ) | |
| Defendant | ) | |

### P~~ROPOSED~~ FINDINGS OF FACT & CONCLUSIONS OF LAW

NOW COME the Plaintiff, Stephen Hamilton, by and through Ben W. Koyl, one of his attorneys, and hereby submits to the Court, pursuant to Standing Order No. 6, his PROPOSED FINDINGS OF FACT & CONCLUSIONS OF LAW in support of his Motion for Entry of Default and for Judgment by Default:

### FINDINGS OF FACT

1. This is an adversary proceeding to determine the extent to which Urban Partnership Bank holds an allowed secured claim in the Plaintiffs' underlying Chapter 13 bankruptcy case and to avoid such lien to the extent that Urban Partnership Bank is not the holder of an allowed secured claim.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a), (b).

3. This is a core proceeding under 28 U.S.C. §§ 157(a), (b)(2)(A), (B), (K).

4. Venue is proper in the Northern District of Illinois Eastern Division pursuant to 28 U.S.C. §§ 1391(b), 1409. The Plaintiff is a citizen of and resides in Cook

County, Illinois.

5. This matter has been referred to this Court via Internal Operating Procedure 15(a) of the District Court for the Northern District of Illinois.

6. Stephen J. Hamilton, the Plaintiff, is an individual residing at 7743 S. Rockwell, Chicago, IL 60629, which is in Cook County, Illinois

7. Stephen J. Hamilton is the debtor in the underlying Chapter 13 bankruptcy case number 13-32165 currently pending before this Court.

8. Urban Partnership, the Defendant, is a lender and/or servicer of residential mortgage loans doing business in Cook County, IL.

9. Urban Partnership Bank is a creditor of the Plaintiff.

10. The Plaintiff filed a voluntary Chapter 13 bankruptcy petition on 8/13/2013 (the "petition date").

11. The Plaintiff owns the residence located at 7743 S. Rockwell, Chicago, IL 60629. The Plaintiffs occupy 7743 S. Rockwell, Chicago, IL 60629 as their primary residence.

12. 7743 S. Rockwell, Chicago, IL 60629 is described as follows: PIN 19-25-224-033-0000.

13. As of the petition date 7743 S. Rockwell, Chicago, IL 60629 had a fair market value of $140,000. (Ex. A, Schedule A.)

14. As of the petition date a senior lien, document 0934405099 existed in favor of Urban Partnership Bank. As of the petition date, the balance due on the senior lien was $157,562.00. (Ex. B, Schedule D.)

15. As of the petition date a junior lien existed in favor of Urban Partnership Bank. The Plaintiff granted this lien to Shorebank on 9/17/2009, and Shorebank recorded its security interest on 12/10/2009 as document number 0934405101.

16. On 3/28/2013, Shorebank, through the Federal Deposit Insurance

Corporation as receiver, assigned this junior mortgage to Urban Partnership Bank.

17. This Complaint serves as an objection to any secured proof of claim that is or may be filed by Urban Partnership Bank.

## CONCLUSIONS OF LAW

18. Section 506(a) of the Bankruptcy Code provides that a lien is allowed as a secured claim only to the extent of the value of the lien holder's interest in the Bankruptcy Estate's interest in the collateral. To the extent that the collateral securing the lien is worth less than the amount of the lien, it is unsecured.

19. Section 506(d) provides that if a lien is not secured as provided by Section 506(a) then there can be no allowed secured claim in favor of the lien holder.

20. Section 1322(b)(2) allows a Chapter 13 debtor to modify the rights of the holder of a wholly unsecured junior mortgage and void such mortgage lender's lien.

21. Because the Plaintiffs' residence located at 7743 S. Rockwell, Chicago, IL 60629 is worth less than the balance due on the senior lien, Urban Partnership Bank's lien is void and may be stripped off. See, e.g., In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Respecfully Submitted,

/s/ Ben W. Koyl

Attorney for Plaintiffs

Law Office of Ben W. Koyl, P.C.
17 North State Street, Suite 1700
Chicago, IL 60602
773-709-9539

*Enter:* [signature]
U.S. Bankruptcy Judge
3/20/14

MAR 20 2014